**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 08-C-411 & 12-C-1133
                                                  (04-CR–80)

TIMOTHY DARNELL WILBURN, SR.,

        Movant.

## DECISION AND ORDER

This matter is before the Court on the Rule 60(b)(6) motion of Movant Timothy Darnell Wilburn, Sr. ("Wilburn"). Wilburn asks the Court to hold that 28 U.S.C. § 2255(h)'s strict authorization for permission to file a successive petition is unconstitutional as applied to him because it violates the due process clause of the Fifth Amendment. Wilburn contends that, if the procedure is unconstitutional, the Court is no longer bound by its requirements and may properly address his successive claim to avoid a miscarriage of justice. Wilburn posits that his sentence was improperly enhanced by a prior juvenile robbery conviction which should not have counted under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

## Procedural History

To place Wilburn's motion in context the Court begins with a review of the relevant procedural history. On April 6, 2004, a federal grand jury in this district charged Wilburn with possession of two firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Wilburn pled guilty to the indictment and the Court set the case for sentencing.

The United States Probation Office prepared a pre-sentence report indicating that Wilburn had a juvenile adjudication of party to a crime armed robbery that could increase his term of imprisonment under the ACCA, 18 U.S.C. § 924(e)(2)(C). Wilburn objected to the reference to his juvenile adjudication and on February 4, 2005, the Court permitted Wilburn to withdraw his guilty plea.

On August 16, 2005, after a two-day jury trial, Wilburn was found guilty of being a felon in possession of two firearms: a 9mm Cobray Mac-11 semi-automatic, and a 9mm Glock, with an attached laser sight. After trial, and prior to sentencing, Wilburn again objected to the pre-sentence report's reference to his juvenile adjudication. Wilburn argued that his juvenile adjudication should not be considered because: (1) the ACCA was not mentioned in the indictment; (2) no facts concerning his conviction were submitted to the jury; and (3) the use of a juvenile adjudication to satisfy the ACCA violates the Eighth Amendment. The Court determined that the juvenile adjudication was properly considered a prior felony conviction under the ACCA and, therefore, the enhancement was appropriate. Wilburn was sentenced to the mandatory minimum of 15 years imprisonment.

On direct appeal, Wilburn argued that his juvenile adjudication should not have been considered as a predicate conviction under the ACCA. *See United State v. Wilburn*, 473 F.3d 742 (7th Cir. 2007). The Court of Appeals for the Seventh Circuit affirmed the sentence imposed by this Court, noting that "Congress . . . has specifically authorized the inclusion of juvenile adjudications for ACCA purposes, 18 U.S.C. § 924(e)(2)(C), and it is not our role to rewrite the law." *Id.* at 746. Wilburn filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on June 11, 2007. *Wilburn v. United States*, 551 U.S. 1123 (2007).

On May 12, 2008, Wilburn filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1.) Wilburn's § 2255 motion argued that he received ineffective assistance of counsel because counsel: (1) failed to perform an independent investigation of the evidence and properly prepare for the court proceedings; (2) allowed a tip to be sealed by the court without objection; (3) failed to argue that Wilburn's juvenile adjudication was not a felony under Wisconsin law; and (4) failed to request a downward departure at sentencing because Wilburn turned in the second firearm of his own volition. This Court issued a Decision and Order on February 10, 2009, denying the motion and dismissing the action. (ECF No. 12.) Judgment was entered that day. (ECF No. 13.)

On August 16, 2010, Wilburn filed a motion for reconsideration under Rule 60(b)(6). (ECF No. 14.) Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal

3

court's previous rejection of a claim on the merits." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (holding that the rule *of Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners). Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . . . his motion is the equivalent of a second or successive motion. . . ." *Id.*

Wilburn seeks leave to file a successive § 2255 petition asking this Court to find § 2255(h) unconstitutional in violation of the due process clause. As the basis for his contention, Wilburn states he sent evidence to the court of appeals seeking permission to file a successive motion which proved by clear and convincing evidence that he is actually innocent of the ACCA enhancement because his juvenile robbery case did not qualify as a conviction for purposes of enhancement.[1] However, on July 8, 2010, the appeals court denied his motion for an order authorizing this Court to entertain a second or sucessive petition for collateral review.

---

[1] Wilburn relies on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010). However, on November 3, 2010, the appeals court granted a rehearing en banc, and vacated the previous panel's opinion. *See Gilbert v. United States*, 625 F.3d 716, (11th Cir. 2010). On rehearing en banc, the court of appeals held that, despite a change in the law during the intervening time period, the defendant was not permitted to bring a second or successive motion to vacate to raise a sentencing claim that he had not raised in his prior motion to vacate. *See Gilbert,* 640 F.3d at 1324.

4

Section 2255(h) of Title 28 of the United States Code states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although Wilburn couches his motion as a Rule 60(b)(6) motion, in essence, it is a successive petition over which this Court lacks jurisdiction absent prior authorization by the court of appeals. Wilburn pursued a direct appeal and his one opportunity at a collateral attack. He also sought leave from the court of appeals to file a successive petition. There is no argument that newly discovered evidence exists, and Wilburn does not claim that he is actually innocent of the crime for which he was convicted. *See Gilbert,* 640 F.3d at 1318. Additionally, the "actual innocence" exception has been applied to errors in sentencing when a "constitutional error resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed." *Id*. (citing *Sawyer v. Whitley*, 505 U.S. 333, 348-50 (1992)). It is an open question in this circuit whether or what sentencing errors can be corrected in a habeas corpus proceeding. *See Brown v. Rios*, __ F.3d __ , 2012 WL 3554093, at *2 (7th Cir. Aug. 20, 2012).

Thus, the instant motion is Wilburn's second or successive § 2255 motion. Consequently, the Court will direct the Clerk of Court to open Wilburn's August 16, 2010, motion as a separate civil § 2255 action. Since Wilburn has not obtained prior permission from the court of appeals, that action is dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Wilburn is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244 and § 2255(h). If Wilburn intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Circuit Rule 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Alternatively, Wilburn's motion reflects his disagreement with the court of appeals' determination that his request to file a successive petition did not fall within the scope of those additional petitions authorized by § 2255(h). This Court is bound by the determinations of the Court of Appeals for the Seventh Circuit, unless or until they are overruled by the United States Supreme Court.

As required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts as amended December 1, 2009, this Court also certifies to the court of appeals that it has concluded that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of

appealability. Since this Court has not issued a certificate of appealability, Wilburn may not appeal this determination. However, he may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wilburn's Rule 60(b)(6) motion (ECF No. 14) is **DISMISSED**;

The Clerk of Court is **DIRECTED** to open a separate civil § 2255 action with Wilburn's Rule 60(b)(6) motion and to file a copy of this Decision and Order in that action;

The successive § 2255 action (Case No. 12-C-1133) is **DISMISSED** for lack of jurisdiction.

The Court also **DECLINES** to issue a certificate of appealability from this Order pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts;

Dated at Milwaukee, Wisconsin this 6th day of November, 2012.

**BY THE COURT**

*[signature]*

**Hon. Rudolph T. Randa**
**U.S. District Judge**